MELINDA HAAG (CSBN 132612)
United States Attorney

ALEX G. TSE (CSBN 152348)
Chief, Civil Division

VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorney

    450 Golden Gate Ave. 9th Floor
    San Francisco, CA 94102
    Telephone:   (415) 436-7200
    Facsimile:   (415) 436-6748
    Email: victoria.carradero@usdoj.gov

Attorneys for Federal Defendants
Mervyn B. Nicholas
Veterans Administration
United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FLORA B. STAMPS,<br><br>          Plaintiff,<br><br>      v.<br><br>MERVYN B. NICHOLAS; VETERANS ADMINISTRATION; DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

**Clerk of the Court**
**Superior Court of California, County of**
**Contra Costa, Civil Division**
**Wakefield Taylor, Martinez Courthouse**
**725 Court Street**
**Martinez, CA 94553**
**Ph: (925) 646-4099**

**See Proof of Service for Service List**

**NOTICE OF REMOVAL**
**C**

1

PLEASE TAKE NOTICE that on this day case no. CIVMSC14-00070 pending before the Contra Costa County Superior Court, Wakefield Taylor, Martinez Courthouse, Civil Division is being removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1442, 1446 and 2679 on behalf of federal defendants Mervyn B. Nicholas ("Nicholas"), the Veterans Administration ("VA") and the United States of America.  Upon direction by the Attorney General of the United States and pursuant to 28 U.S.C. § 1446, the undersigned attorneys hereby present the following facts to the Judges of the United States District Court for the Northern District of California.

1. On January 16, 2014, plaintiff Flora B. Stamps filed a summons and complaint in the Contra Costa County Superior Court, Wakefield Taylor, Martinez Courthouse, Civil Division.  The complaint was filed against defendants Nicholas and the VA.  Plaintiff alleged that on January 4, 2013 Nicholas prescribed a Baclofen to her husband, Donald S. Stamps, at the VA hospital in Martinez.  Plaintiff further alleged that her husband was a dialysis patient and that one day after taking the prescription he began to have hallucinations, went into a comma, and then died on January 16, 2014.  As a result of the alleged incident, plaintiff claims she has suffered loss of companionship and loss of income from her husband's reduced annuity.  (See Exhibit 1 – summons and complaint).

2. On February 25, 2014, the United States Attorney's Office received notification from the VA regarding this pending lawsuit.  The summons and complaint that was filed in the Contra Costa County Superior Court, Wakefield Taylor, Martinez Courthouse, Civil Division has not been served on the United States Attorney's Office as required by Rule 4(i)(1)(A)(i)(ii), Fed. R. Civ. P.  A case management conference is currently set for June 5, 2014 at 8:30 A.M. in Department 34, Superior Court of California, County of Contra Costa, Civil Division Wakefield Taylor, Martinez Courthouse 725 Court Street Martinez, CA 94553 and should be vacated upon filing of this notice.

3. This action must be removed to the federal district court because this action is against a federal agency and a deemed federal employee.  28 U.S.C. §§ 1441(a) and 1441( c) allow for the

NOTICE OF REMOVAL
C

removal of actions where original jurisdiction lies in district court.  28 U.S.C. §1346 provides that district courts shall have exclusive jurisdiction of all civil actions on claims against the United States for damages for injury or loss of property, or personal injury or death caused by the alleged negligent or wrongful act or omission of any employee of the government.  Nicholas is an employee of the VA and was acting within the scope of his employment at all times material to such alleged incidents.  (See Certification).  Plaintiff's exclusive remedy is thus in a tort action against the United States of America. 28 U.S.C. §§ 1346(b), 2671 et. seq.,

4.  Upon certification by the Attorney General, this action shall be removed to the district court any time prior to trial.  Pursuant to written delegation from Melinda Haag, the duly appointed United States Attorney for the Northern District of California, the Chief of the Civil Division has been authorized to exercise on behalf of the United States Attorney the authority vested in her by the Attorney General, pursuant to 28 C.F.R. § 15.4.  The Chief of the Civil Division has certified that Nicholas was acting within the course and scope of his employment with the VA.  See Certification Pursuant to 28 U.S.C. § 2679(d).  This certification is conclusive for purposes of removal.  28 U.S.C. § 2679(d)(2).

5.  Upon removal the United States is automatically substituted for federal defendants Nicholas and the Veterans Administration and this action will proceed as an action against the United States of America pursuant to 28 U.S.C. § 1442.

6.  A copy of this Notice is being filed with the Clerk of the Contra Costa County Superior Court.  This filing will automatically effect the removal action described above in its entirety to this Court for all future proceedings pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,
MELINDA HAAG
United States Attorney

Dated: March 26, 2014

VICTORIA R. CARRADERO
Assistant United States Attorney
Attorneys for Federal Defendants

NOTICE OF REMOVAL
C

# EXHIBIT 1

# SUMMONS
## (CITACION JUDICIAL)

SUM-10

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* Mervyn B. Nicholes

Veterans Adoption Programs
Inc. dba nicholes

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2014 JAN 16 A 9:39

**YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTA DEMANDANDO EL DEMANDANTE):* Flora Stamps

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

C14-00070

Superior Court of California, County of Contra Costa
725 Court Street
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Flora Stamps, in Pro per
on file

DATE:                          JAN 16 2014    Clerk, by _____, Deputy
*(Fecha)* January 16, 2014                    *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[seal]
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465

PLD-PI-00

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Flora B. Stamps, in pro per<br>on file address and phone number | [FILED] |

TELEPHONE NO:         FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Plaintiff Flora B. Stamps, in Pro Per

2014 JAN 15 A 9: 35

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa

STREET ADDRESS: 725 Court Street

MAILING ADDRESS: 725 Court Street

CITY AND ZIP CODE: Martinez, CA 94533

BRANCH NAME:

PLAINTIFF: Flora B. Stamps, in pro per

DEFENDANT: Mervyn B. Nicholas, Veterans Administration

✓ DOES 1 TO 100

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

☐ AMENDED (Number):

Type (check all that apply):

☐ MOTOR VEHICLE      ✓ OTHER (specify):

☐ Property Damage      ✓ Wrongful Death

☐ Personal Injury      ☐ Other Damages (specify):

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT. ✓

Jurisdiction (check all that apply):

☐ ACTION IS A LIMITED CIVIL CASE

   Amount demanded   ☐ does not exceed $10,000

               ☐ exceeds $10,000, but does not exceed $25,000

✓ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)

☐ ACTION IS RECLASSIFIED by this amended complaint

   ☐ from limited to unlimited

   ☐ from unlimited to limited

CASE NUMBER:

C14-00070

1. Plaintiff (name or names): Flora B. Stamps, in proper

   alleges causes of action against defendant (name or names): Mervyn B. Nicholas, Veterans Administration DOES 1–100

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. Each plaintiff named above is a competent adult

  a. ☐ except plaintiff (name):

    (1) ☐ a corporation qualified to do business in California

    (2) ☐ an unincorporated entity (describe):

    (3) ☐ a public entity (describe):

    (4) ☐ a minor ☐ an adult

      (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

      (b) ☐ other (specify):

    (5) ☐ other (specify):

  b. ☐ except plaintiff (name):

    (1) ☐ a corporation qualified to do business in California

    (2) ☐ an unincorporated entity (describe):

    (3) ☐ a public entity (describe):

    (4) ☐ a minor ☐ an adult

      (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

      (b) ☐ other (specify):

    (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Legal Solutions

Code of Civil Procedure, § 425.12

PLD-PI-001

| SHORT TITLE: Stamps vs. Nicholas, et. al. | CASE NUMBER: |

4. ☐ Plaintiff (name):

is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☐ except defendant (name):

c. ☐ except defendant (name):

(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity (describe):

(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity (describe):

(4) ☑ a public entity (describe):
     Veterans Administration

(4) ☐ a public entity (describe):

(5) ☐ other (specify):

(5) ☐ other (specify):

b. ☐ except defendant (name):

d. ☐ except defendant (name):

(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity (describe):

(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity (describe):

(4) ☐ a public entity (describe):

(4) ☐ a public entity (describe):

(5) ☐ other (specify):

(5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☐ Doe defendants (specify Doe numbers): _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☐ Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to plaintiff.

7. ☑ Defendants who are joined under Code of Civil Procedure section 382 are (names):
     Mervyn B. Nicholas
     Veterans Administration
     DOES 1-100

8. This court is the proper court because

a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other (specify):

9. ☑ Plaintiff is required to comply with a claims statute, and

a. ☑ has complied with applicable claims statutes, or
b. ☐ is excused from complying because (specify):

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

4/27    02-24-2014    02:15:11 p.m.    MAC-URGENT CARE MARTINEZ    URGENT CARE MTZ    925 372 2182

PLD-PI-0L

SHORT TITLE: Stamps vs. Nicholas, et. al.

CASE NUMBER:

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. _____ Motor Vehicle
   b. ✓ General Negligence
   c. ✓ Intentional Tort
   d. _____ Products Liability
   e. _____ Premises Liability
   f. _____ Other *(specify)*:

11. Plaintiff has suffered
   a. _____ wage loss
   b. _____ loss of use of property
   c. _____ hospital and medical expenses
   d. _____ general damage
   e. _____ property damage
   f. _____ loss of earning capacity
   g. ✓ other damage *(specify)*:
      loss of companionship
      loss of income

12. ✓ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. _____ listed in Attachment 12.
   b. _____ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.
   Yes

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ✓ compensatory damages
      (2) ✓ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ✓ according to proof
      (2) _____ in the amount of: $

15. ✓ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
   10b, 10c, 11g, 14(1),(2)

Date: January 16, 2014

Flora B. Stamps
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-C01 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

Page 3 of

PLD-PI-001(2)

| SHORT TITLE: Stamps Vs. Nicholas, et. al. | CASE NUMBER: |
|---|---|

CAUSE OF ACTION—General Negligence    Page _____
_____ (number)
ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1   Plaintiff *(name)*:    Flora B. Stamps, in pro per

alleges that defendant *(name)*:    Mervyn.B. Nichdas,
                                    Veterans Administration Office

☑ Does ___1___ to ___100___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*: January 4, 2013 which led to death on January 16, 2013
at *(place)*: Veterans Administration Clinic, Martinez, CA

*(description of reasons for liability):*
See attached Plea

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Legal
Solutions
Plus

Code of Civil Procedure 425.12

PLD-PI-001(3)

| SHORT TITLE | CASE NUMBER |
|---|---|
| Stamps VS. Nicholas, et. al. | |

_____. CAUSE OF ACTION—Intentional Tort          Page _____
(number)

ATTACHMENT TO ☐✔Complaint ☐ Cross-Complaint

(Use a separate cause of action form for each cause of action.)

IT-1.  Plaintiff (name):        Flora B. Stamps, in pro per

alleges that defendant (name):     Mervyn B. Nicholas
                                   Veterans Administration Clinic

☐✔ Does ___1___ to __100__

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
intentionally caused the damage to plaintiff
on (date):  January 4, 2013 which led to death on January 16, 2013
at (place):  Veterans Administration Clinic, Martinez, CA

(description of reasons for liability):

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) (Rev. January 1, 2007)

CAUSE OF ACTION—Intentional Tort

Legal
Solutions
Plus

Page 1 of 1
Code of Civil Procedure, § 425.12

Plea

Meryvn B. Nicholas while working at the Veterans Administration hospital in Martinez, CA prescribed **Baclofen** to Donald S. Stamps on January 4, 2014. The **Baclofen** prescription given to Donald S. Stamps was negligent because he is a dialysis ("renal impairment") patient. One day after this prescription was given to Donald S. Stamps, it lead to him having hallucinations, a comma and ultimately his January 16, 2013 death after one day of taking this medication.

Please see the attached medical article which addresses Donald S. Stamps' medical condition of "renal impairment" being a high risk for **Baclofen** http://www.ncbi.nlm.nih.gov/pubmed/9391686

**renal failure** inability of the kidney to excrete metabolites at normal plasma levels under normal loading, or inability to retain electrolytes when intake is normal; in the acute form, marked by uremia and usually by oliguria, with hyperkalemia and pulmonary edema.

Now, Donald S. Stamps' widow is unable to sustain herself financially because her husband's annuity was reduced by 40% which was a reduction of $1,087.65. She also lost his other disability income of $250 per month. The total reduction is $1,337.65 per month.

Aside from the monetary loss, Flora B. Stamps also lost her life-long companion of 55 years of marriage.

Therefore, Flora B. Stamps pleads to sue for grievance loss of companionship and monetary loss of income.

1/15/2014                          Baclofen toxicity in patients with severely... [Ann Pharmacother. 1997] - PubMed - NCBI

PubMed          ▾

**Display Settings:**    Abstract

Ann Pharmacother. 1997 Nov;31(11):1315-20.

# Baclofen toxicity in patients with severely impaired renal function.

Chen KS, Bullard MJ, Chien YY, Lee SY.

### Author information

Division of Toxicology and Nephrology, Chang Gung Memorial Hospital, Keelung, Taiwan, Republic of China. b671077@motaba.tmc.edu.tw

#### Abstract

**OBJECTIVE:** To report the toxic effects of baclofen in patients with severely impaired renal function.

**DATA SOURCES:** From 1991 to 1995, nine patients with severely impaired renal function (2 not receiving dialysis, 1 undergoing continuous ambulatory peritoneal dialysis [CAPD], and 6 receiving maintenance hemodialysis), who exhibited clinical toxicity after baclofen therapy at our hospital were included for analysis. Another seven cases from the literature obtained by computerized (MEDLINE and manual (Index Medicus) search methods published between 1980 and 1995 were also reviewed.

**INTERVENTION:** Among our nine patients, the six undergoing chronic hemodialysis and one not undergoing dialysis received early (< 48 h) hemodialysis after toxic symptoms developed. The patient undergoing CAPD received late hemodialysis (> 72 h), and the other patient who had not undergone dialysis received only supportive care.

**RESULTS:** A review of these 16 cases revealed that most patients received only small doses and very short-term baclofen therapy. Altered consciousness was the major presenting feature. Severe acute complications, such as seizures and respiratory depression, were relatively uncommon among patients with severely impaired renal function. However, abdominal pain, which has previously rarely been reported, was noted in five of our nine patients. Most patients showed clinical improvement after hemodialysis. An analysis of these nine patients revealed that those who received early hemodialysis had a shorter recovery time than the patient who received only supportive care (2.71 +/- 0.42, respectively, vs. 9 d; p < 0.01). A lag of several hours between the end of the hemodialysis session and an improvement in the level of consciousness was noted.

**DISCUSSION:** As most patients with severely impaired renal function developed toxic symptoms soon after initiating a low-dose baclofen regimen, the accumulated dosage was small and severe complications were less common. Abdominal pain may have occurred as a result of the gamma-aminobutyric acid-mediated cholinergic effect exerted by baclofen. The delay in conscious recovery after hemodialysis may be due to a delay in the clearance of baclofen from the central nervous

system.

**CONCLUSIONS:** Patients with severely impaired renal function generally develop baclofen intoxication soon after the initiation of low-dose therapy. Thus, the administration of baclofen, regardless of the dosage, in these patients is not appropriate. Abdominal pain, in addition to altered consciousness, is a common presenting feature in patients with renal failure who have baclofen intoxication. Hemodialysis is effective in alleviating the clinical symptoms and shortening the recovery time for such patients.

PMID: 9291686 [PubMed - indexed for MEDLINE]

## Publication Types, MeSH Terms, Substances

## LinkOut - more resources

PubMed Commons                                           PubMed Commons home

0 comments

# COUNTY of CONTRA COSTA

MARTINEZ, CALIFORNIA

CERTIFICATE OF DEATH

DONALD

STAMPS

REDACTED FOR PRIVACY

MARRIED      01/14/2013

REDACTED FOR PRIVACY

US GRADUATE          AFRICAN AMERICAN

MACHINIST            US GOVERNMENT

1647 GAMAY LANE

BRENTWOOD          CONTRA COSTA          94513          CA

FLORA B. STAMPS, WIFE          1647 GAMAY LANE, BRENTWOOD, CA 94513

FLORA               SELL                COOPER

UNKNOWN             UNKNOWN             STAMPS              UNKNOWN

LESSIE              ARNETTA             KING                CA

01/28/2013          5410 MIDWAY ROAD, DIXON, CA 95620

DU                  ► LUIS CLAUDIO                             C MIRANDA

SKYVIEW MEMORIAL LAWN          FD1130    ► WENDEL BRUNNER MD        01/24/2013

SUTTER DELTA MEDICAL CENTER

CONTRA COSTA        3901 LONE TREE WAY                          ANTIOCH

ACUTE RESPIRATORY FAILURE                                       DYS

ANOXIC ENCEPHALOPATHY

RENOUS DISORDER, MULTIFACTORIAL

CORONARY ARTERY DISEASE, END STAGE RENAL DISEASE, SEVERE PERIPHERAL ARTERIAL DISEASE,
HYPERTENSION, DIABETES MELLITUS, HYPERLIPIDEMIA, ...

► ANTHONY ANGAL CARANGANG M D       AR4186     03/04/2013
3901 LONE TREE WAY, ANTIOCH, CA 94509

01/28/2013          01/28/2013





CERTIFIED COPY OF VITAL RECORD

*CAC0982897*

Wendel Brunner (M.D.)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Flora B. Stamps, in proper
1647 Gamay Lane
Brentwood, CA 94513

TELEPHONE NO.: 925-516-7786   FAX NO.:
ATTORNEY FOR (Name): Plaintiff Flora Stamps, in pro per
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME: Stamps vs. Memp B. Nicholas, et. al.

FILED
2014 JAN 16 A 9:35

C·····
·····

**C 14 - 00070**

| CIVIL CASE COVER SHEET | Complex Case Designation | JUDGE: |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Construction defect (10) |
| | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental/Toxic tort (30) |
| ✓ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | | |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Civil rights (08) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ✓ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 2 TWO
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
Flora B. Stamps                                    ▶ Flora B. Stamps
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal Solutions | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1 check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

SUPERIOR COURT - MAR .NEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

FLORA STAMPS VS MERVYN B NICHOLAS

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC14-00070

1.   NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  06/05/14        DEPT:  34        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.   You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.   You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.   At any Case Management Conference the court may make pretrial
orders including the following:

   a.   an order establishing a discovery schedule
   b.   an order referring the case to arbitration
   c.   an order transferring the case to limited jurisdiction
   d.   an order dismissing fictitious defendants
   e.   an order scheduling exchange of expert witness information
   f.   an order setting subsequent conference and the trial date
   g.   an order consolidating cases
   h.   an order severing trial of cross-complaints or bifurcating
        issues
   i.   an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

          Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:   01/16/14              _____

                                    C. JACALA, Deputy Clerk

## Superior Court of California, County of Contra Costa

### NOTICE TO PLAINTIFFS

In Unlimited Jurisdiction Civil Actions

### AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-655d)
   e. Blank: Case Management Statement (Judicial Council Form CM-110)
   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit *www.cc-courts.org/adr* , or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order *(Order to Show Cause)* for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

*[1] Health and Safety Code §11470 et seq.*

*[2] Including claims for emotional distress and/or wrongful death.*

Local Court Form – Instructions
CV-655a/Rev. 07/25/2007
Packet Revised 7/1/2011

### Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management (shows hearing date and time)

    d.    Blank: Case Management Statement (Judicial Council Form CM-110)

    e.    Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.    Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

### You must:

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement* *(CM-110)***

3. **File and serve your court papers on time**    Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.

2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.

3. If you want to ask the court to do something on your behalf, you may file a MOTION *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).

b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).

c. Be sure to deny every claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court)*;
4. Motion to Quash Service of Summons *(you were not legally served)*;
5. Motion to Stay *(put the case on hold)*; or
6. Motion to Dismiss *(stops the case)*.

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library**    Martinez: (925) 646- 2783      Richmond: (510) 374-3019
- **Ask the Law Librarian:**    www.247ref.org/portal/access_law3.cfm

Local Court Form – Instructions
CV-655d/Rev. 11/05/2007

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

**_ADR Case Management Stipulation and Order_**
*(Unlimited Jurisdiction Civil Cases)*

_____
Defendant(s) / Cross Defendant(s)

CASE NO: _____

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE**: FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
    a. The parties have agreed to ADR as follows:
        i. ❏ Mediation  (❏ Court-connected ❏ Private)
        ii. ❏ Arbitration  (❏ Judicial Arbitration (non-binding)  ❏ Private (non-binding)  ❏ Private (binding))
        iii. ❏ Neutral case evaluation
    b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
    c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
    a. ❏ Written discovery:  (❏ Additional page(s) attached)
        i. ❏ Interrogatories to:
        ii. ❏ Request for Production of Documents to:
        iii. ❏ Request for Admissions to:
        iv. ❏ Independent Medical Evaluation of:
        v. ❏ Other:
    b. ❏ Deposition of the following parties or witnesses: (❏ Additional page(s) attached)
        i. _____
        ii. _____
        iii. _____
    c. ❏ No Pre-ADR discovery needed
3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____

_____
Judge of the Superior Court

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:        FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER |
|---|---|
| *(Check one):*   ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:      Time:      Dept.:      Div.:      Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following.
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   ☐ Additional representation is described in Attachment 8.

   f. Fax number:
   g. Party represented:

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

   b. **Referral to judicial arbitration or civil action mediation** (if available).

   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
      Party                    Description                    Date

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

## CASE MANAGEMENT STATEMENT

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

### 17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

### 18. Other issues

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

### 19. Meet and confer

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

### 20. Total number of pages attached *(if any):*

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**



### CONTRA COSTA COUNTY SUPERIOR COURT
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

#### MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

#### PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

- DO NOT FILE WITH THE COURT -
- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

CIV-050

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*
Flora B. Stamps, in proper
on file address and phone number

ATTORNEY FOR *(Name):* Plaintiff Flora B. Stamps, in proper

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94533
BRANCH NAME:

PLAINTIFF: Flora B. Stamps, in proper
DEFENDANT: Mervyn B. Nicholas, et al.

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

CASE NUMBER: C14-00070

To (name of one defendant only): Mervyn B. Nicholas, et al.
Plaintiff (name of one plaintiff only): Flora B. Stamps, in proper
seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| 1. General damages | | |
| a. ✓ Pain, suffering, and inconvenience | $ | 100,000 |
| b. ✓ Emotional distress | $ | 100,000 |
| c. Loss of consortium | $ | |
| d. ✓ Loss of society and companionship *(wrongful death actions only)* | $ | 500,000 |
| e. Other *(specify)* | $ | |
| f. Other *(specify)* | $ | |
| g. Continued on Attachment 1.g. | | |
| 2. Special damages | | |
| a. Medical expenses *(to date)* | $ | |
| b. Future medical expenses *(present value)* | $ | |
| c. Loss of earnings *(to date)* | $ | |
| d. Loss of future earning capacity *(present value)* | $ | |
| e. Property damage | $ | |
| f. ✓ Funeral expenses *(wrongful death actions only)* | $ | 4,000 |
| g. ✓ Future contributions *(present value) (wrongful death actions only)* | $ | 240,777 |
| h. Value of personal service, advice, or training *(wrongful death actions only)* | $ | |
| i. Other *(specify)* | $ | |
| j. Other *(specify)* | $ | |
| k. Continued on Attachment 2.k. | | |

3. ✓ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 2,000,000
when pursuing a judgment in the suit filed against you.

Date:

Flora B. Stamps
(TYPE OR PRINT NAME)

▶ *Flora B. Stamps*
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Legal Solutions Plus

Page 1 of 2
Code of Civil Procedure, §§ 425.11, 425.115