IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLORA B. STAMPS, | **Case No. 14-01394 RS** |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| MERVYN B. NICHOLAS; VETERANS ADMINISTRATION; DOES 1 THROUGH 100, INCLUSIVE, | |
| Defendants. | |

I. Introduction

Flora Stamps filed suit in Contra Costa Superior Court against Mervyn Nicholas, the Veterans Administration ("VA"), and Does 1 through 100 for wrongful death and related tort claims arising from her husband's treatment and subsequent death under Nicholas's care at the Veterans Administration Clinic. The VA is a federal agency of the United States government. In response to the complaint, the U.S. Attorney certified that Nicholas was acting within the scope of his

employment at the time the claim arose.[1] On that basis, the government removed the case to federal court and the United States was automatically substituted for the federal defendants. See 28 U.S.C. §§ 1346(b)(1), 1441, 1442.

The government now moves to dismiss the complaint for lack of subject matter jurisdiction because plaintiff failed to exhaust the required administrative remedies. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for July 3, 2014 is vacated. The time for plaintiff to respond to the government's motion has passed without any response from plaintiff. Having considered the matter, and good cause appearing, the government's motion is granted for the reasons explained below.

## II. FACTUAL BACKGROUND

As alleged in the complaint, Nicholas was working at the VA hospital in Martinez, California, on January 4, 2011, when he prescribed medication to plaintiff's husband, Donald Stamps. According to the complaint, this particular medication was contraindicated for Donald Stamps, who suffered from renal impairment and was on dialysis. One day later, he began to experience hallucinations and fell into a comma. He died on January 16, 2013. Stamps brought this suit on January 16, 2014, against the VA and Nicholas for negligence, intentional tort, and wrongful death. She seeks general, special, and punitive damages. Defendant removed the matter to federal court on March 26, 2014.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the asserted claims. It is the plaintiff's burden to prove jurisdiction at the time the action is commenced. *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858

---

[1] 28 U.S.C. § 2675(d) provides that when a plaintiff asserts a tort claim against a defendant who is a federal employee, the Attorney General will certify whether that individual was acting within the scope of his or her employment at the time the claim arose. This duty has been delegated by the Attorney General to the U.S. Attorney. If the defendant employee's conduct is so certified, the law provides for removal and mandatory substitution of the United States in place of the employee. 28 U.S.C. § 2679(d)(2).

F.2d 1376, 1380 (9th Cir. 1988). A court considering a 12(b)(1) motion to dismiss is not limited to the pleadings, *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), but may rely on extrinsic evidence to resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Once a challenge has been raised to the court's subject matter jurisdiction, the party opposing dismissal must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair*, 880 F.2d at 201; *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## IV. DISCUSSION

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for torts committed by Government employees in the scope of their employment. 28 U.S.C. § 2679(b)(1). For tort actions within the purview of 28 U.S.C. 1346(b), including Stamps' complaint against Nicholas and the VA, the FTCA establishes the terms and conditions on which suit may be instituted. 28 U.S.C. § 2675(a). In particular, the FTCA allows a tort claimant to sue the United States only after the claimant exhausts his or her administrative remedies with the federal agency that is purportedly responsible for the injury. *Id.*; *see Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983). The FTCA's exhaustion requirement goes to the subject matter jurisdiction of the Court. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). An action filed prematurely, before the claimant has exhausted his or her administrative remedies, must be dismissed. *McNeil v. United States*, 508 U.S. 106, 111–113 (1993).

As relevant here, § 2675(a)(1) provides that an action shall not commence unless at least six months have elapsed from the date of presentment of the claim to the agency, if no final denial occurred before that time. According to the government, plaintiff did not present her claim to the VA before filing suit in January 2014. Plaintiff has not presented any evidence to the contrary or otherwise responded to the government's motion to dismiss. Plaintiff, therefore, has not met her burden to establish subject-matter jurisdiction by demonstrating that she complied with the scheme

for administrative relief set forth in the FTCA before filing suit against the agency. On that basis, her complaint must be dismissed. *See McNeil*, 508 U.S. at 113.

## V. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted for lack of subject-matter jurisdiction. The complaint is hereby dismissed with leave to amend. Any amended complaint must be lodged within thirty (30) days of the date of this order.

The Case Management Conference scheduled on June 26, 2014 shall be continued to August 28, 2014 at 10:00 a.m. in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. The parties shall file either a Joint Case Management Statement or separate Case Management Statements, as provided in Civil Local Rule 16-9(a), at least one week prior to the Conference. Parties or counsel may appear personally or file a request to appear by telephone. If any party files such a request, all parties shall appear telephonically at 11:00 a.m. and must contact Court Conference at 866/582-6878 at least one week prior to the Conference.

IT IS SO ORDERED.

Dated: June 9, 2014

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE